Jerry J. Jarzombek, Esq.
714 W. Magnolia
Fort Worth, Texas 76104
    Voice: 817-348-8325
    Fax: 817-348-3828

2002 JUN 14  PM 12: 07

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES P. VICKERMAN, | § | Civil Action No. |
| | § | |
| Plaintiff, | § | |
| | § | **COMPLAINT** |
| vs. | § | **and** |
| | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| NCO FINANCIAL SYSTEMS, INC., | § | |
| And HAROLD GRAY | § | 4 0 2 - C V - 0 5 2 0 - Y |
| | § | |
| Defendants. | § | (Unlawful Debt Collection Practices) |
| | § | |

### Preliminary Statement

1.    Plaintiff, James P. Vickerman, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act,

Tex. Finance Code § 392.001, et seq. ("TDCA") to obtain statutory damages, injunctive relief,

declaratory relief, and other relief for the Defendants' violations of the FDCPA and the TDCA.

2.    Defendants, NCO Financial Systems, Inc. ("NCO") and Harold Gray ("Gray")

attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff arising from a purported

obligation to MBNA. The obligation ("Debt") required Plaintiff to pay money arising out of trans-

COMPLAINT and DEMAND FOR JURY TRIAL - Page 1

actions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. NCO says that it owns the debt. If true, NCO purchased the Debt at a time when it was in default, paid only a small fraction of the $6,266.16 amount claimed by NCO, and did so for the express purpose of collecting the same for a windfall profit.

### Jurisdiction and Venue

3.     Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4.     Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

### Parties

5.     Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6.     NCO is a corporation engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of NCO's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. NCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(5). NCO is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(6).

7.     Gray is an individual engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Gray's business is the collection of consumer debts using the mails and telephone, and Gray regularly attempts to collect consumer debts for others. Gray is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code §

7.     Gray is an individual engaged in the business of collecting consumer debts in the Northern District of Texas.  The principal purpose of Gray's business is the collection of consumer debts using the mails and telephone, and Gray regularly attempts to collect consumer debts for others. Gray is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(5).  Gray is also a "third-party debt co!lector" as defined by  Tex. Finance Code § 392.001(6).  Gray is employed by NCO as a Collector

## Factual Allegations

8.     On or about May, 2002, Gray spoke to the Plaintiff regarding the collection of the purported debt.

9.     During this conversation, Gray goes on to say that he can garnish the Plaintiff's wages.  Specifically, he states that NCO will proceed to get a judgment, and then NCO can, and will, garnish the Plaintiff's wages.

10.     Gray also stated during this conversation that the debt will be increased by court costs and attorneys fees.

11.     Gray stated to the Plaintiff that when NCO files suit (Code 43), "…they're going to pile your commanding officer up with so many letters to answer…your commanding officer and them are not going to have time for this."  This statement constitutes a threat of third party disclosure.

12.     Prior to this telephone  call between Gray and the Plaintiff, Gray had been calling the Plaintiff's employer and stating that he planned to garnish the Plaintiff's wages.

13.     After further investigation and discovery, Plaintiff believes that Plaintiff will have evidentiary support to show that neither NCO nor Gray intended to file suit against the Plaintiff.

15.     The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

16.     The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

17.     The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### First Claim for Relief

18.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.  The Defendants' violations of the FDCPA include, but are not limited to the following:

    a.     In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

        i.     Representing that the Defendants would file a lawsuit when they had neither the intention or ability to do so; and

        ii.    Representing that the Defendants would institute wage garnishment proceedings which is prohibited in Texas.

    b.     In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

    c.     In violation of 15 U.S.C. 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action which cannot legally be taken or that is not intended to be taken.

    d.     In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt which means included:

    ii.      Representing that the Defendants would file a lawsuit when they had neither the intention or ability to do so; and

    ii.      Representing that the Defendants would institute wage garnishment proceedings which is prohibited in Texas.

19.    Under 15 U.S.C. § 1692k, Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for statutory damages, costs, and reasonable attorney's fees.

### Second Claim for Relief

20.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants violations of the TDCA include, but are not limited to the following:

    a.      In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law.

    b.      In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of a consumer debt.

    c.      In violation of Tex. Fin Code § 392.304(a)(13), the Defendants misrepresented the debt would definitely be increased by court costs and attorneys fees, which are discretionary with the Court.

21.    Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.    Declare that Defendants' actions violate the FDCPA and the TDCA.

2.    Enjoin the Defendants' actions which violate the FDCPA and the TDCA.

3.    Enter judgment in favor of Plaintiff and against Defendants for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4.     Grant such further relief as deemed just.

Dated:  June /4, 2002.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia
Fort Worth, Texas 76104
    Voice: 817-348-8325
    Fax: 817-348-8328

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated:  June _14_, 2002.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia
Fort Worth, Texas 76104
        Voice: 817-348-8325
        Fax: 817-348-8328